# COMMONWEALTH v. J. M. RIBERT.

APPEAL BY DEFENDANT FROM THE COURT OF QUARTER SESSIONS OF LANCASTER COUNTY.

Argued June 4, 1891*—Decided October 5, 1891.

(*a*) A defendant was indicted for an assault and battery upon a member of a firm by whom he was employed on a contract, the assault taking place in a room of a building belonging to his employers, let to the defendant for the doing of the work he was employed upon:

1. It was error to refuse the defendant's offer to show that, by a special contract with his employers, he was entitled to the exclusive possession of the room where the assault took place, and, particularly, that the member of the firm assaulted was not to enter it.

2. If the jury should believe the offer, when admitted, then it might justify the defendant in attempting to eject the prosecutor by force, and the question then would be whether more violence was used than was justifiable.

3. No notes of testimony having been taken on a trial, except those taken by the judge for his own use, much abbreviated and incomplete, where the record affords no way of determining whether assignments of error are well founded or not, such assignments must be disregarded.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 430 January Term 1891, Sup. Ct.; court below, No. 41 August Term 1890, Q. S.

On August 19, 1890, the grand jury returned as a true bill an indictment charging Jose M. Ribert with an aggravated assault and battery upon the person of Henry E. Osborne. Issue.

At the trial on January 22, 1891, it was made to appear that in July, 1890, the defendant had a contract to design and

---

*At Harrisburg, Middle District.

Arguments.

polish umbrella-handle moulds for the firm of Osborne & Hartman, and that he was allowed to do the work in a room in one of the firm's buildings, paying a consideration for the use of the room and for the use of steam power furnished to him; that on July 15, 1890, Osborne, the prosecutor, came into the room occupied by the defendant, when defendant ordered him to go out; that Osborne refused, when the defendant struck him three or four times with a piece of lath, inflicting severe injuries.

The defendant being called as a witness on his own behalf, his counsel offered to prove by him that, by the verbal agreement with Osborne & Hartman, he had the sole right to use and occupy the premises in which the alleged assault was committed; that Osborne was one of the parties to the agreement, and it was provided that, not under any circumstances, should he enter upon said premises. Objected to.

By the court: Offer refused.[2]

The defendant, claiming to have the exclusive right of possession of the room in which the alleged assault was committed, offered in writing to prove " that he had agreed to finish his contract, amounting to $600 worth of goods, in this room, to be set apart exclusively for the defendant, and into which room it was expressly agreed by Osborne & Hartman that the prosecutor H. E. Osborne, should not be allowed to enter."

By the court: Offer refused.[3]

The cause was submitted to the jury by the court, PATTERSON, J., the charge not being put in writing;[*] whereupon, the jury returned a verdict of guilty. A rule for a new trial having been discharged and judgment passed, the defendant took this appeal, assigning for error, inter alia:

2, 3. The refusal of the defendant's offers.[2][3]

*Mr. B. Frank Eshleman* and *Mr. B. F. Davis* (with them *Mr. A. H. Fritchey*), for the appellant.

Counsel cited: Tullay v. Reed, 1 C. & P. *6; Roscoe's Crim. Ev., 4th Am. ed., 292; 2 Whart. Cr. Law, 9th ed., § 624; 1 Bac. Abr., 373; Alderson v. Waistell, 1 C. & K., N:

---

* The "Notes of Testimony" printed in the appellant's paper-book were brief notes made at the trial by the trial judge.

Opinion of the Court.

P., 357; Baldwin v. Hayden, 6 Conn. 453; Jackson & G., L. & T., § 244; Commonwealth v. McNeile, 8 Phila. 438; Webb v. Dixon, 9 East 15.

*Mr. A. C. Reinoehl,* District Attorney, (with him *Mr. W. U. Hensel* and *Mr. J. Hay Brown,*) for the commonwealth.

OPINION, MR. JUSTICE MITCHELL:

The bill of exceptions is extremely imperfect, no notes of the testimony apparently having been taken except those by the judge, which were merely for his own use, and much abbreviated and incomplete.* The first, fourth, and sixth assignments of error must therefore be disregarded, as the record affords us no way of determining whether or not they are well founded.

The second and third assignments are to the refusal to allow the prisoner to show that by special contract with his employers he was entitled to the exclusive possession of the room where the assault took place, and particularly that the prosecutor, Osborne, was not to enter it. Such an arrangement was unusual, perhaps improbable, but the appellant had a right to give it in evidence, and ask the jury to believe it; and, if they did so, it would put the occurrence in a different light, perhaps

---

* An "exception," or "bill of exceptions," is intended, of course, to furnish official information of the specific matters brought up for review, to be conclusive on the parties interested: See Thompson v. Ridelsperger, post, 423. In cases coming up from counties outside of Philadelphia, rarely, if ever, is a formal bill of exceptions shown; only an "appendix" containing such of the pleadings as it was thought proper to print, and a verbatim copy of the stenographer's notes of testimony, translated into longhand. Exceptions to the rulings on offers of testimony and to the charge are usually noted, but seldom do the printed notes show an actual sealing of an exception, which is done, of course, only by the signature and seal of the trial judge. When exceptions are sealed at all, the signature and seal of the judge follow immediately the ruling excepted to. But, in Philadelphia, the regular practice is to present and have sealed by the trial judge a formal "bill of exceptions" showing, briefly, all the proceedings on the trial, and the offers and rulings excepted to fully and carefully, the whole certified at the end and signed and sealed by the trial judge. This bill of exceptions is then printed in the appendix to the paper-book. The entire subject is clearly discussed, and forms given, in 2 Brewst. Pr., § 3057, et seq., p. 1249 :—REP.

even to the extent of justifying the prisoner in attempting to eject Osborne forcibly. The question for the jury then would be, not whether this was a wanton and unprovoked attack, but whether more violence was used than the occasion justified. The evidence, therefore, was material to the appellant's case, and should have been admitted.

Judgment reversed, and venire de novo awarded.